Law Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOE T. SAN AGUSTIN, WILFRED P. LEON GUERRERO, ANTOLINA S. LEON GUERRERO, GERARD A. CRUZ, GEORGE A. SANTOS, KATHERINE T.E. TAITANO, AND WILFRED G. AFLAGUE, in their fiduciary capacities as TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND,<br><br>Petitioners,<br>vs.<br><br>ROBERT GATEWOOD, GLORIA MORTERA, BEVAN A. GESLANI, TERESA BORJA, ROBERT HADDOCK, LOU LEON GUERRERO, and LILLIAN PEREZ POSADAS, in their fiduciary capacities as TRUSTEES of the GUAM MEMORIAL HOSPITAL AUTHORITY, and PETERJOHN D. CAMACHO, in his capacity as Administrator of the GUAM MEMORIAL HOSPITAL AUTHORITY,<br><br>Respondents. | SPECIAL PROCEEDINGS<br>CASE NO. SP231-10<br><br><br><br>DECISION AND ORDER |

This matter came before the HONORABLE VERNON P. PEREZ on December 28, 2011 on Petitioners' application for a Writ of Mandate. Attorney Minakshi Hemlani represented the Respondents. Attorney Elyze Iriarte represented the Petitioners. Having reviewed the pleadings, arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Guam Memorial Hospital Authority (hereinafter "GMHA") failed to remit employer and employee contributions. The Trustees of the Guam Retirement Fund (hereinafter "Petitioners") filed a Verified Petition for Writ of Mandate on November 12, 2010. The Trustees and Administrator of GMHA (hereinafter "Respondents") admit that no employer and employee contributions have been remitted due to "financial considerations" during times alleged by the

Joe T. San Agustin, et al v. Robert Gatewood, et al.
Decision and Order
SP231-10

1

Petitioners.[1] Respondents' Verified Answer ¶¶ 7-9. Respondents contend that any obligation to make remittances should be forgiven on account of inability to complete obligations and cite to affirmative defenses. *Id.* This Court found in favor of Petitioners in its Decision and Order filed October 28, 2011. Respondents filed their Motion for Reconsideration on November 10, 2011 citing a Health Insurance Bailout Agreement of FY 2011 (hereinafter "Agreement") as a change in facts. The Agreement was executed by Governor Calvo and the Guam Retirement Fund Board of Trustees on June 15, 2011.

## DISCUSSION

### I. Standard for Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted). In the case here, Respondents allege that the Court based its decision on the wrong facts.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not now decide on the merits of the case once again.

### II. Reconsideration

The thrust of Defendant's argument is that the Motion for Reconsideration should be granted because the Court based its October 28, 2011 Decision and Order on a base of facts excluding the Agreement. According to the Supreme Court of the Territory of Guam, a party's failure to submit evidence does not make such evidence newly discovered and therefore, that evidence cannot be basis for reconsideration. *Ward v. Reyes*, 1998 Guam 1 ¶ 13.

---

[1] Respondents have not expressly denied the dates alleged that GMHA failed to make remittances. Respondents' Verified Answer at 2-3.

Furthermore, if the evidence "could have and should have been presented to the trial court", it is not an abuse of discretion of a trial court to deny a motion for reconsideration. *Id.*

Here, Respondents rely on the existence of the Agreement to claim newly discovered evidence or to argue that the Court based its decision on the wrong facts. The Agreement was executed on June 15, 2011. The Hearing for the Writ of Mandate occurred on March 16, 2011. On its face, the Agreement is newly discovered evidence as the Parties were not able to disclose said evidence to the Court as that evidence did not exist at the time of the Writ Hearing. In addition, the Agreement was executed by at least some of the Petitioners in this matter. *See* Agreement. The Agreement addresses, in part, what to do with the retirement contributions and the Court finds that it would affect the Court's conclusion in the Writ of Mandate decision. Agreement at Subsection D of the Section "Terms". Thus, finding newly discovered evidence, the Court will reconsider its Decision and Order as grounds exist for reconsideration. As this Court is limited in addressing the merits of the case under the *Ward* decision, the Court will ask Parties to reargue the Writ of Mandate considering the Agreement now exists. The Court does understand that Parties have discussed the Agreement in detail throughout the briefs submitted in arguing the Motion for Reconsideration. The Court will allow Parties to rely on those submissions if they wish or to argue before the Court the Writ of Mandate in its entirety considering the Agreement.

## CONCLUSION

This Court hereby GRANTS Respondents' Motion for Reconsideration. Parties will return for a scheduling conference on JUN - 1 2012 @ 9am.

So **ORDERED** this 2nd day of May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM



*Joe T. San Agustin, et al v. Robert Gatewood, et al,*
Decision and Order
SP231-10

3